# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHNQUL RAMON McKAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-081 |
| | ) | CR407-226 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Johnqul Ramon McKay has filed a 28 U.S.C. § 2255 motion and moves to hold it in abeyance. Docs. 41 & 43.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that both motions must be denied.

## I. BACKGROUND

In 2008, McKay pled guilty to and received an 18-year sentence "for using or carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 United States Code, Section 924(c)." Doc. 40 at 3, 7. The sentencing judge adopted, over no defense objection, the

---

[1] All citations are to the CR412-278 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Presentence Investigation's (PSI's) finding and calculations. Aware of the eighteen-year sentence cap under the Fed. R. Cr. P. 11(c)(1)(C) plea agreement (PSI at 15), the judge noted the PSI's:

> total offense level which has not been calculated because the sentence is determined pursuant to [U.S.S.G.] Section 4B1.1(c)(3) under the career offender provisions; the criminal history category has also not been calculated. It is 262-to-327 months of imprisonment; two to three years of supervised release; and a $250,000 fine; no restitution; and a 100-dollar special assessment.

Doc. 40 at 4. Imposing the agreed-to, eighteen-year sentence, the judge observed that McKay:

> is a career offender *pursuant to the guidelines*, but the Court notes that one of the predicated offenses, as counsel has pointed out, which renders this defendant a career offender is an escape from a diversion center; and the Court recognizes that the offense of escape offers a strong potential for violence, which is why escape is considered a crime of violence. Nevertheless, the Court notes that no violence arose from the defendant's offense of escape. And the Court also notes the defendant is a fairly young man, and that the instant term of imprisonment will be the most significant custodial term he has faced thus far in his life.

*Id.* at 7 (emphasis added); *see also* PSI at 5 ¶ 15 (determining McKay to be "a career offender under § 4B1.1" "by virtue of his prior convictions for sale of cocaine base (paragraph 22) and escape (paragraph 23), in conjunction with his instant conviction."); *id.* ¶ 16 (applying U.S.S.G.

2

4B1.1(c)(3), which reflected "an advisory guideline range of 262-327 months").

Raising a *Johnson* claim,[1] McKay moves for 28 U.S.C. § 2255 relief but also moves the Court to hold it in abeyance until the U.S. Supreme Court decides *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 790 (2016) (granting *certiorari* to decide "[w]hether *Johnson v. United States*, ___

---

[1] *See Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2557-58 (2015) (sentencing enhancements imposed under the Armed Career Criminal Act's (ACCA's) residual clause violate due process). Under the ACCA, a felon convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) who has "three prior convictions . . . for a violent felony or a serious drug offense, or both," 18 U.S.C. § 924(e)(1), faces enhanced penalties. Plain vanilla felon-in-possession convictions face a maximum 120-month sentence, *see* 18 U.S.C. § 922(a)(2), while ACCA-enhanced convictions fetch a 15-year (180-month) minimum and a maximum of life. 18 U.S.C. § 924(e)(1).

*Johnson* invalidated what's known as the statute's "residual clause" -- the clause defining an ACCA "violent felony" as including "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). *Johnson,* 135 S. Ct. at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15 years to life" violates the Fifth Amendment's prohibition on vague criminal laws); *McClouden v. United States*, 2016 WL 775831 at * 6 (S.D. Ga. Feb. 25, 2016).

But it did not call into question enhancements predicated on convictions under the ACCA's first two clauses the "elements" and "enumerated" clauses. *Johnson,* 135 S.Ct. at 2563. After *Johnson,* then, no federal defendant can receive more than ten years if at least one of his ACCA-predicate convictions are counted only under the residual clause. But enhancements based on non-residual clause offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*); *McClouden,* 2016 WL 775831 at * 7 ("Burglary is a specifically enumerated offense pursuant to Section 924(e)(2)(B)(ii) and thus, does not fall within the scope of that Section's residual clause"). Too, Sentencing Guideline enhancements are also unaffected by *Johnson. United States v. Matchett,* 802 F.3d 1185, 1194 (11th Cir. 2015).

3

U.S. \_\_\_ 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review."); *see also In re Johnson*, \_\_\_ F. 3d \_\_\_, 2016 WL 762095 at * 6 (11th Cir. Feb. 26, 2016) (holding an application for leave to file a successive § 2255 motion "in abeyance, pending the Supreme Court's decision in *Welch*."), *vacated for reh'g en banc*, \_\_\_ F.3d \_\_\_, 2016 WL 919483 (11th Cir. Mar. 10, 2016).

## II. ANALYSIS

*Johnson* is retroactively available for first § 2255 motions. *Mays v. United States*, \_\_\_ F.3d \_\_\_, 2016 WL 1211420 at *6 (11th Cir. Mar. 29, 2016) ("[W]e hold that *Johnson* applies retroactively on collateral review to prisoners seeking habeas relief for the first time."). Nevertheless, the Court **DENIES** McKay's abeyance motion (doc. 43) because his § 2255 motion fails on the merits. McKay himself admits (doc. 43 at 2) that:

> he qualified as a career offender under the advisory Sentencing Guidelines. PSI [¶¶ 15 & 16]. That guideline is triggered when a defendant is convicted of a "crime of violence or a controlled substance offense" and has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" is defined, in part, in much the same way as the ACCA's "residual clause." *See* U.S.S.G. § 4B1.1, comment. (n.1); *id.* § 4B1.2(a)(2) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"). Despite the linguistic similarity between the ACCA and

4

§ 4B1.2, *Johnson's* reach "is limited to criminal statutes that define elements of a crime or fix punishments," and thus is inapplicable to career offender enhancements (this claim is otherwise double-waived). *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015).

*Garrett v. United States*, 2016 WL 1296183 at * 5 (S.D. Ga. Mar. 30, 2016). "Because there is no constitutional right to sentencing guidelines -- or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines -- the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *Matchett*, 802 F.3d at 1195. Put another way, "*Johnson* is limited to criminal statutes that define elements of a crime or fix punishments and does not apply to the advisory sentencing guidelines that do neither." *Denson v. United States*, 804 F.3d 1339, 1343 (11th Cir. 2015) (quotes and cite omitted); *United States v. Collins*, 624 F. App'x. 725, 726 (11th Cir. 2015) (same).

## III. CONCLUSION

Johnqul Ramon McKay's 28 U.S.C. § 2255 motion (doc. 41) should be **DENIED**. His motion to hold it in abeyance *is* **DENIED**. Doc. 43. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009),

5

the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED,** this   11th   day of, April, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA